UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) Case No.: 1:12-cv-00739 - LJO - JLT |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES |
| v. | ) |
| ANA TERESA CATANO, et al., | ) (Doc. 13) |
| Defendants. | ) |

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") seeks to strike the affirmative defenses asserted by defendants Ana Teresa Catano and Ramiro Catano, individually and doing business as La Fiesta Seafood & More ("Defendants"). (Doc. 13). On October 15, 2012, Defendants filed their opposition to the motion. (Doc. 17). The Court heard the arguments of counsel on November 6, 2012. For the following reasons, Plaintiff's motion to strike is **GRANTED**.

**I.     Factual and Procedural History**

Plaintiff alleges the company possessed the exclusive commercial distribution rights to *Manny Pacquiao v. Shane Mosley*, *WBO Welterweight Championship Fight Program* ("the Program), which was broadcast on May 7, 2011. (Doc. 1 at 5). On May 25, 2012, Plaintiff initiated this action by filing a complaint against Defendants, alleging Defendants intercepted the Program signal and displayed it at La Fiesta Seafood & More without purchasing a sublicense from Plaintiff. *Id.* at 6. Therefore, Plaintiffs assert Defendants violated the Communications Act of 1934 and the Cable & Television

Consumer Protection and Competition Act of 1992 ("the Cable Act"). *Id.* at 5-8. In addition, Plaintiffs contend Defendants are liable for the tort of conversion and violation of California Business and Professions Code, Section 17200. *Id.* at 8-9.

On September 11, 2012, Defendants filed their answer to Plaintiff's complaint, in which they assert twenty-one affirmative defenses, and reserved "the right to assert additional applicable defenses as may become apparent at subsequent stages of this action." (Doc. 11 at 8-10). Plaintiff seeks to strike Defendants' affirmative defenses and the reservation clause. (Doc. 13).

## II.     Legal Standards

Rule 8 of the Federal Rules of Civil Procedure requires a party responding to a pleading to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Further, responding parties are instructed to "state any avoidance or affirmative defense, including: accord and satisfaction; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." Fed. R. Civ. P. 8(c).

The Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading, either on the Court's own motion or by motion of a party. Fed. R. Civ. P. 12(f). A defense may be "insufficient" as a matter of pleading or as a matter of law. *See Security People, Inc. v. Classic Woodworking, LLC*, 2005 U.S. Dist. LEXIS 44641, at *5 (N.D. Cal. Mar. 4, 2005) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)). The Ninth Circuit has explained a defense is insufficiently pled if it fails to give "fair notice" of the defense. *Wyshak*, 607 F.2d at 827. A defense is insufficient as a matter of law when there are no questions of fact, questions of law are clear and not in dispute, and the defense would not succeed under any circumstances. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (citations omitted). Further, a defense may be stricken as immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), *rev'd on other grounds*, 510 U.S. 517 (1994); *see also* Fed. R. Civ. P. 12(f).

The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, motions to strike affirmative defenses "are disfavored and infrequently granted." (*Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005). "'Courts must view the pleading under attack in the light more favorable to the pleader.' *Garcia ex rel. Marin v. Clovis Unified School Dist.,* No. 1:08–CV–1924 AWI SMS, 2009 WL 2982900, at *23 (E.D.Cal. Sept.14, 2009) (internal citation omitted). '[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.' *Hernandez v. Balakian,* No. CV–F–06–1383 OWW DLB, 2007 WL 1649911, at *1 (E.D.Cal. June 1, 2007) (internal quotation marks omitted)." J & J Sports Productions, Inc. v. Delgado, 2011 WL 219594 at *2 (E.D. Cal. Jan. 19, 2011). Even if a court strikes an affirmative defense, leave to amend should be freely given where the opposing party will not be prejudiced given the strong policy favoring resolution of cases "on the proofs rather than the pleadings." *Rennie & Laughlin, Inc. v. Chrysler Corp.*, 242 F.2d 208, 213 (9th Cir. 1957); *Wyshak*, 607 F.2d at 827.

**III.     Discussion and Analysis**

As an initial matter, the parties disagree over the pleading standards for affirmative defenses. Plaintiff contends the heightened pleading standards of *Twombly* are applicable, and affirmative defenses must be supported by factual allegations.  (Doc. 13 at 8-9) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  On the other hand, Defendants contend "the bases and rationale for pleading requirements in responsive pleadings is different" and "[t]he law remains that, unless the defense is one that falls under Rule 9, there is no requirement that a party plead an affirmative defense with specificity."  (Doc. 17 at 4) (citing *Wong v. U.S.*, 373 F.3d 952, 969 (9th Cir. 2004); *Woodfield v. Nat'l Mut. Ins. Co.*, 193 F.3d 354, 362 (5th Cir. 1999)).

Because the Ninth Circuit has yet to hold that the heightened pleading standards are applicable to affirmative defenses, this Court has declined to reach this issue.  *See, e.g., J & J Sports Prods. v. Gidha*, 2012 U.S. Dist. LEXIS 20427 (E.D. Cal. Feb. 17, 2012); *J & J Sports Prods., Inc. v. Luhn,* 2011 U.S. Dist. LEXIS 122670, (E.D. Cal. Oct. 24, 2011).  Moreover, as recently as 2010, the Ninth Circuit applied *Wyshak* as the appropriate standard in evaluating the sufficiency of pleading

3

affirmative defenses. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1023 (9th Cir. 2010). Accordingly, the Court evaluates the following affirmative defenses with the standard set forth in *Wyshak*, requiring "fair notice." *See id*, 607 F.2d at 827.

    **A.**    **First Affirmative Defense:** "Defendants allege that Plaintiff fails to state facts sufficient to constitute a claim upon which relief can be granted." (Doc. 11 at 8).

Plaintiff contends this "is not a proper affirmative defense." (Doc. 13 at 10) (citation omitted). Proper "[a]ffirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). In contrast, a denial of allegations in the complaint or "an assertion that the [plaintiff] cannot prove the elements of [its] claim" is not a proper affirmative defense. *Solis v. Couturier*, 2009 U.S. Dist. LEXIS 63271, at * 8-9 (E.D. Cal. July 8, 2009). Accordingly, "[f]ailure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." *Joe Hand Promotions, Inc. v. Estrada*, 2011 U.S. Dist. LEXIS 61010, at *5 (E.D. Cal. June 8, 2011); *see also Boldstar Tech., LLC v. Home Depot, Inc*., 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case"). Therefore, Defendants' first affirmative defense is **STRICKEN**.

    **B.**    **Second Affirmative Defense:** "Defendants allege that Plaintiff consented to all allegations alleged in the complaint." (Doc. 11 at 8).

In the Complaint, Plaintiff alleges the company "did not authorize transmission, interception, reception, divulgence, exhibition, or display of the Program . . . to the commercial establishment operated by the foregoing Defendants." (Doc. 1 at 9). As Plaintiff argues, "an affirmative defense presumes that allegations of the Complaint are true. (Doc. 13 at 11) (citing *Federal Deposit Ins. Corp.*, 655 F. Supp. at 262). Here, the factual allegations of the Complaint are sufficiently pled, and the Court must assume their truth.

To succeed on a claim for violations of the Communications Act and the Cable Act, Plaintiff must demonstrate Defendants intercepted the Program and published it without authorization. 47 U.S.C. §§ 553(a), 605(a). Likewise, under California law, "consent negatives the wrongful element of

4

the defendants act," and prevents the existence of conversion. *Tavernier v. Maes*, 242 Cal. App. 2d 532, 552 (1966); *see also* Judicial Council of California, *Judicial Council of California Civil Jury Instructions*, § 2100 (2011) (identifying lack of consent as an element of conversion).

By alleging Plaintiff consented to their actions, Defendants seek to negate elements of the claims presented in Plaintiff's complaint. Notably, an allegation that "merely negates an element [the plaintiff] was required to prove . . . [is] not an affirmative defense." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Consequently, the second affirmative defense is **STRICKEN**.

        **C.**        **Third Affirmative Defense**: "Defendants allege that Plaintiff has waived any and all purported actions by Defendants. (Doc. 11 at 8).

Waiver is an "intentional relinquishment or abandonment of a known right." *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997). Here, there is no indication in Defendants' answer that Plaintiff engaged in activity that might constitute a waiver of known rights. Without supporting factual allegations, Defendants' assertion that the doctrine of waiver is applicable is insufficient to provide fair notice. *See J & J Sports Prods., Inc. v. Nguyen*, 2012 U.S. Dist. LEXIS 51641, at *4 (N.D. Cal. Mar. 22, 2012) (finding an affirmative defense insufficient where the defendant "does not provide any supporting facts, making it impossible for Plaintiff to ascertain the basis for the affirmative defense[]"). Accordingly, Defendants' third affirmative defense is **STRICKEN**.

        **D.**        **Fourth Affirmative Defense**: "Defendants allege that Plaintiff is estopped from asserting his causes of action against Defendants." (Doc. 11 at 8).

Plaintiff argues this affirmative defense "fails to provide fair notice because they do not indicate which estoppel defense they are asserting (e.g. judicial estopped, collateral estoppel, equitable estoppel)." (Doc. 13 at 12) (citing *J & J Sports Productions, Inc. v. Montanez,* 2010 U.S. Dist. LEXIS 137732, (E.D. Cal. Dec. 13, 2010)). The Court agrees Defendants have not explained the applicability of the doctrine of estoppel. Therefore, Defendant's fourth affirmative defense is insufficiently pled, and is **STRICKEN**.

        **E.**        **Fifth Affirmative Defense**: "Defendants allege that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence necessary to avoid the alleged injuries. The resulting injuries and damages, if any, sustained by Plaintiff were

proximately caused and contributed to by the negligence, carelessness and recklessness of the Plaintiff and/or his agents.  (Doc. 11 at 9).

The complaint does not contain any claims for negligence, and this affirmative defense has "no possible bearing on the subject matter of the litigation." *Neveau*, 392 F.Supp.2d at 1170; *see also J & J Sports Prods. v. Coyne*, 2011 U.S. Dist. LEXIS 6623, at *6 (N.D. Cal. Jan. 24, 2011) (striking "negligence" defenses because the plaintiff did not allege any negligence causes of action). Accordingly, because the fifth affirmative defense is insufficient as a matter of law, it is **STRICKEN**.

  **F.** **Sixth Affirmative Defense:** "Defendants allege that the damages alleged in Plaintiff's complaint, if any there be, were caused by third parties or Plaintiff himself and not parties related to or associated with Defendants."  (Doc. 11 at 9).

Plaintiff argues this should be stricken because it is "a denial of an element of Plaintiff's causes of action (to wit, causation)." (Doc. 13 at 14) (citing *Zivkovic*, 302 F.3d at 1088).  A denial of allegations in the complaint is not the proper subject of an affirmative defense. *Joe Hand Promotions v. Davis*, 2012 U.S. Dist. LEXIS 145402, at *10-11 (N.D. Cal. Oct. 9, 2012).  However, "[d]enials that are improperly pled as defenses should not be stricken on that basis alone." *J&J Sports Prods. v. Delgado*, 2011 U.S. Dist. LEXIS 9013, at *5 (E.D. Cal. Jan. 19, 2011).

Given the conclusory nature of Defendants' Answer, which does not reference third parties beyond this assertion or explain how the company caused its own damages, the Court cannot find factual allegations support this affirmative defense. *See J & J Sports Prods. v. Gidha*, 2012 U.S. Dist. LEXIS 20427, at *10 (E.D. Cal. Feb. 17, 2012).  Accordingly, Defendant's sixth affirmative defense is insufficient, and is **STRICKEN**.

  **G.** **Seventh Affirmative Defense:** "Defendants allege that any award of punitive damages would be improper because they made good faith efforts to comply with the law." (Doc. 11 at 9).

As noted above, Plaintiff seeks punitive damages for its claim of conversion, which arises under state law.  (Doc. 1 at 8, 11).  Specifically, Plaintiff requests "punitive and exemplary damages … [for] the Defendants' egregious conduct, theft, and conversion of the Program and deliberate injury to the Plaintiff." *Id.* at 8.

Under California law, punitive damages may be awarded for acts of conversion where the defendant engages in "conduct which is intended . . . to cause injury to the plaintiff or despicable conduct which is carried on . . . with a willful and conscious disregard to the rights or safety of others." Cal. Civ. Code. § 3294; *see also Cyrus v. Haveson*, 65 Cal. App. 3d 306, 316-17 (1976) (explaining a cause of action for conversion may support an award of exemplary and punitive damages if a defendant acts with oppression, fraud, or malice). By alleging they acted with good faith, Defendants seek to negate the intent Plaintiff is required to prove for an award of punitive damages, and this is not a proper affirmative defense. *See Zivkovic*, 302 F.3d at 1088. Thus, Defendants' seventh affirmative defense is **STRICKEN**.

    **H.**    **Eighth/Ninth Affirmative Defense:** "Defendants allege that any award of punitive damages would violate the Due Process and Excessive Fines Clauses of the Fifth, Eighth and Fourteenth Amendments, the Commerce Clause of the United States Constitution and the Constitution of the State of California." (Doc. 11 at 9).

Although Defendants allege an award of punitive damages would be unconstitutional, they fail identify facts supporting this statement such as would put Plaintiff on fair notice of their claims. Thus, this affirmative defense is **STRICKEN**.

    **I.**    **Tenth Affirmative Defense:** "Defendants allege that Plaintiff has failed to exercise reasonable care and diligence to mitigate damages, if any exist." (Doc. 11 at 9).

Defendants fail to support this affirmative defense with an explanation of how Plaintiff failed to exercise reasonable care, or could mitigate the harm of the alleged conduct. "Typically, the rule of mitigation of damages comes into play when the event producing injury or damage has already occurred and it then has become the obligation of the injured or damaged party to avoid continuing or enhanced damages through reasonable efforts." (*J & J Sports Prods. v. Sanchez*, 2012 U.S. Dist. LEXIS 74070, at *6 (E.D. Cal. May 29, 2012) (quoting *Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691 (1994)).

Here, Plaintiff does not allege a continuing harm, and mitigation of damages is irrelevant to the causes of action alleged in the complaint. *See, e.g., id* at *6-7; *see also G & G Closed Circuit Events, LLC v. Nguyen*, 2010 U.S. Dist. LEXIS 104980, at *13 (N.D. Cal. Sept. 23, 2010) (where the plaintiff stated claims for conversion and violations of 47 U.S.C. §§ 553 and 605, and Cal. Bus. & Profs. Code

§ 17200, the court found "[m]itigation of damages is . . . inapplicable to the types of claims asserted"); *J & J Sports Prods. v. Soto*, 2010 U.S. Dist. LEXIS 103958, at *4 (S.D. Cal. Sept. 28, 2010) (finding the plaintiff "had no duty to mitigate damages allegedly caused by Defendants' unlicensed showing of a boxing match"). Because mitigation of damages "has no essential or important relationship to the claim for relief," the affirmative defense is immaterial. *See Fantasy*, 984 F.2d at 1527. Accordingly, Defendants' tenth affirmative defense is **STRICKEN**.

  **J.** **Eleventh Affirmative Defense:** "Defendants allege that Plaintiff should be barred by the equitable doctrine of unclean hands in that he was an active and willing participant in any and all conduct alleged in the complaint." (Doc. 11 at 9).

  The doctrine of unclean hands bars recovery for a plaintiff who engaged in "reprehensible conduct in the course of the transaction at issue." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 360 (1995) (citations omitted). Significantly, Defendants do not identify any conduct by Plaintiffs amounting to "unclean hands" in support of this defense. Because the assertion lacks factual support, it is insufficient to give Plaintiff fair notice of the basis of this defense. *See CTF Devel., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *22 (N.D. Cal. Oct. 26, 2009) ("simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands'") (emphasis in original). Therefore, Defendants' eleventh affirmative defense is **STRICKEN**.

  **K.** **Twelfth Affirmative Defense:** "Defendants allege that Plaintiff should be barred from recovery because Plaintiff has not suffered any injury." (Doc. 11 at 9).

  By alleging Plaintiff has not been injured, Defendants seek to negate elements of the claims presented in Plaintiff's complaint. As explained above, this is not a proper affirmative defense. *See Zivkovic*, 302 F.3d at 1088. Consequently, the twelfth affirmative defense is **STRICKEN**.

  **L.** **Thirteenth Affirmative Defense:** "Defendants allege that they at all times acted in good faith with regard to Plaintiff's allegations against Defendants, if any, and Plaintiff is therefore barred from recovery." (Doc. 11 at 9).

  The Communications Act and the Cable Act do not require a defendant to have knowledge that his conduct amounted to a violation. *See International Cablevision, Inc. v. Sykes*, 997 F. 2d 998, 1004 (2d Cir. 1993) (finding that 47 U.S.C. § 553 does not exempt an unaware person from liability). Instead, if "the violator was not aware and had no reason to believe that his acts constituted a violation

of this section, the court in its discretion may reduce the award of damages..." 47 U.S.C. § 553(c)(3)(C)); 47 U.S.C. § 605(e)(3)(C)(iii). Accordingly, Defendants' alleged good faith is immaterial to these claims. *See J & J Sports Prods. v. Jimenez*, 2010 U.S. Dist. LEXIS 132476, at *7-8 (S.D. Cal. Dec. 15, 2010) (striking the defendant's "good faith" defense as immaterial because "intent is unnecessary in determining the existence of a violation" of 47 U.S.C. §§ 553, 605).

Similarly, "questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant" to a claim of conversion, which is a strict liability tort under California law. *Gilman v. Dalby*, 176 Cal.App.4th 606, 615 n.1 (2009); *see also Greka Integrated, Inc. v. Lowrey*, 133 Cal. App. 4th 1572, 1581 (2005). Accordingly, Defendants' intent is immaterial to Plaintiff's claim for conversion.

Finally, to succeed on a claim for a violation of the Unfair Practices Act, Plaintiff must demonstrate "an unlawful, unfair, or fraudulent business or practice." Cal. Bus. & Prof. Code § 17200. The Unfair Practices Act encompasses "anything that can properly be called a business practice and that at the same time is forbidden by law." *Barquis v. Merchants Collection Ass'n*., 7 Cal. 3d 94, 113 (1972). Therefore, to succeed on this claim, Plaintiff must demonstrate the elements of one of the other causes of action have been satisfied, and Defendants' good faith remains immaterial.

Because good faith is not relevant to the elements of claims in the complaint and the defense would not succeed under any circumstances, the thirteenth affirmative defense is insufficient as a matter of law and is **STRICKEN**.

  **M.** <u>**Fourteenth Affirmative Defense**</u>**:** "Defendants allege that Plaintiff voluntarily assumed the risk of damages, if there be any, and therefore is barred from recovery." (Doc. 11 at 9).

"Assumption of the risk" is a doctrine providing "an exception to the general duty of care rule when a plaintiff is injured while voluntarily participating in a risky activity." *Sanchez*, 2012 U.S. Dist. LEXIS 74070, at *8-9 (quoting *Rosencrans v. Dover Images, LTD*., 192 Cal. App. 4th 1072, 1082(2011)). Plaintiff contends this affirmative defense should be stricken because Defendants "do not provide fair notice for the defense" and the company "is at a loss as to how broadcasting its Program was a dangerous behavior that assumed the risk that the Program would be unlawfully intercepted such that Defendants may be absolved of liability." (Doc. 13 at 17, n. 3).

Previously, this Court has determined the doctrine of "assumption of the risk" is immaterial because it does not have any bearing on the claims presented by Plaintiff in its complaint. *See, e.g., Sanchez*, 2012 U.S. Dist. LEXIS 74070; *Gidha*, 2012 U.S. Dist. LEXIS 20427. Accordingly, the fourteenth affirmative defense is **STRICKEN**.

> **N.** **Fifteenth/Sixteenth Affirmative Defense:** "Defendants allege that Plaintiff should be barred from recovery by the equitable doctrine of laches." (Doc. 11 at 10).

As explained by the Ninth Circuit, "Laches is an equitable time limitation on a party's right to bring suit." *Kling v. Hallmark Cards, Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000). To establish the doctrine is applicable, a defendant must show "both an unreasonable delay by the plaintiff and prejudice to itself." *Id.* (quoting *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2000)).

Notably, there is a "strong presumption" that laches does not apply when an action is filed within the appropriate statute of limitations period. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). Here, Plaintiff alleges the unlawful broadcast occurred on May 7, 2011 (*see* Doc. 1 at 3), and initiated this action on May 4, 2012, within the applicable statutes of limitations. *See DirectTV v. Webb*, 545 F.3d 837, 847-48 (9th Cir. 2008) (a one-year statute of limitations applies to claims arising under 47 U.S.C. §§ 554 and 605); Cal. Code Civ. Proc. § 338(c) (providing a three-year statute of limitations for conversion claims); Cal. Bus. & Prof. Code § 17208 (providing a four-year statute of limitations for violations of California Business and Professions Code Section 17200).

Defendants' answer fails to overcome the presumption that the doctrine is not applicable, because Defendants have not alleged sufficient facts to demonstrate Plaintiff unreasonably delayed in commencing this action. Further, Defendants do not allege prejudice resulted due to the delay in filing. Accordingly, this defense is insufficient as a matter of pleadings, and is **STRICKEN**.

> **O.** **Seventeenth Affirmative Defense:** "Defendants allege that Plaintiff's complaint is barred because Plaintiff relies on unstated or conjectured facts in support of his alleged causes of action." (Doc. 11 at 10).

Significantly, Defendants do not identify any facts they believe to be conjecture, and review of the Complaint reveals the facts alleged are sufficient to state cognizable causes of action. Because Defendants fail to give fair notice with this affirmative defense, it is **STRICKEN**.

    **P.**    **Eighteenth Affirmative Defense:** "Defendants allege that they had no knowledge of the alleged wrongdoings claimed by Plaintiff, and Plaintiff is therefore barred from recovery." (Doc. 11 at 10).

This defense contradicts facts alleged by Plaintiff. Further, by asserting a lack of knowledge, Defendants seeks to disavow facts plead in support of Plaintiff's causes of action. *See Zivkovic*, 302 F.3d at 1088). Accordingly, the eighteenth affirmative defense is **STRICKEN**.

    **Q.**    **Nineteenth/Twentieth Affirmative Defense:** "Defendants allege that their actions, if any, were reasonable." (Doc. 11 at 10).

The Cable Communications Act imposes strict liability under 47 U.S.C. §§ 553 and 605. *See International Cablevision*, 997 F.2d at 1004; *Joe Hand Promotions, Inc. v. Garcia*, 2012 U.S. Dist. LEXIS 56745, at *12 (E.D. Cal. Apr. 23, 2012) ("Sections 553 and 605 impose strict liability"). Likewise, conversion is a strict liability tort. *Gilman*, 176 Cal.App.4th at 615, n.1. Consequently, the alleged reasonableness of Defendants' actions is irrelevant to the claims presented by Plaintiff, and this affirmative defense is **STRICKEN**.

    **R.**    **Twenty-First Affirmative Defense:** Defendants allege that their actions, if any, have not caused damage to Plaintiff." (Doc. 11 at 10).

By alleging Plaintiff has not suffered damages, Defendants seek to negate elements of the claims presented in Plaintiff's complaint. *See, e.g., Greka Integrated, Inc.*, 133 Cal. App. 4th at 1581 (2005) ("elements of a conversion are the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages"). As explained above, this is not a proper affirmative defense. *See Zivkovic*, 302 F.3d at 1088. Consequently, Defendants' twenty-first affirmative defense is **STRICKEN**.

    **S.**    **Twenty-Second Affirmative Defense:** "Defendants allege that Plaintiff has not suffered the loss of any economic benefit, advantage, or relationship as the result of any actions by Defendants, if any there be." (Doc. 11 at 10).

This allegation is duplicative of the previous assertions that Plaintiff has not suffered damages or an injury. Accordingly, for the reasons set for above, it is **STRICKEN**.

    **T.**    **Twenty-Third Affirmative Defense:** "Defendants allege that Plaintiff's complaint fails to state facts sufficient to constitute a claim for which punitive or exemplary damages can be awarded." (Doc. 11 at 10).

An assertion that the complaint failed to set forth allegations entitling Plaintiff to punitive damages is not a proper affirmative defense, but rather identifies an alleged defect in Plaintiff's complaint. *Nguyen*, 2010 U.S. Dist. LEXIS 104980, at *13. Therefore, this affirmative defense is **STRICKEN**.

    **U.**    <u>**Twenty-Fourth Affirmative Defense**</u>**:** **"**Defendants allege that [P]laintiff's complaint and each purported cause of action therein are pled in conclusory fashion and therefore, Defendants cannot now fully anticipate all defenses and hereby reserve the right to assert additional applicable defenses as may become apparent at subsequent stages of this action.

"An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself." *Solis v. Zenith Capital, LLC*, 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. May 8, 2009). (citation omitted). Rather, if a defendant seeks to add affirmative defenses at a later date, the defendant "must comply with Rule 15 of the Federal Rules of Civil Procedure." *Id.*; *see also Wyshak*, 607 F.2d at 826-27. Thus, Defendants' reservation clause is not a proper affirmative defense, is redundant, and is **STRICKEN**.

## IV.    Conclusion

The affirmative defenses asserted by Defendants appear to be boilerplate defenses that lack factual support and fail to provide Plaintiff with fair notice. Rather, the affirmative defenses are legal conclusions and theories, many of which are inapplicable to the causes of action alleged in the complaint. Further, Defendants set forth improper denials to Plaintiff's allegations.

Significantly, it does not appear many of the deficiencies identified above may be cured by amendment. However, leave to amend the answer should be freely given where the plaintiff will not be prejudiced. *Rennie & Laughlin*, 242 F.2d at 213; *Wyshak*, 607 F.2d at 827.

Accordingly, **IT IS HEREBY ORDERED**:

1. As to the Third, Fourth, Sixth, Eighth, Ninth, Eleventh, Fifteenth and Sixteenth defenses, Plaintiff's motion to strike is **GRANTED WITH LEAVE TO AMEND**. Defendants may file an amended answer within twenty-one days of the date of service of this order;

2. As to First, Second, Fifth, Seventh, Tenth, Twelfth, Thirteenth, Fourteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third and Twenty-Fourth defenses, the motion is **GRANTED WITHOUT LEAVE TO AMEND**[1];

3. If Defendants do not amend within this time period, the answer will stand with the First through Twenty-Fourth defenses stricken.

IT IS SO ORDERED.

Dated:   **November 6, 2012**              /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] At the hearing, Defendants' counsel admitted that the defenses that merely negated an element of the tort(s), that found fault with the content of the pleading of the complaint or which were not applicable to the causes of action alleged, should be stricken and leave to amend not be granted. The Court agrees that amendment of these defenses would be fruitless.